OPINION
This appeal emanates from the Trumbull County Court of Common Pleas. Appellant, Robert A. Baksi, appeals from the judgment dismissing his petition for postconviction relief.
On November 21, 1997, appellant was indicted on one count of murder in violation of R.C. 2903.02. Subsequently, on May 11, 1998, appellant was re-indicted on the charges of involuntary manslaughter, corrupting another with drugs, and trafficking in heroin. On May 18, 1998, after a jury trial, appellant was found guilty of all three charges. On June 15, 1998, the trial court sentenced appellant to ten years for involuntary manslaughter and eight years for corrupting another with drugs. The sentences were to run consecutively. Appellant appealed his conviction to this court. The trial transcript was filed with this court on August 18, 1998. This court affirmed appellant's conviction and sentence in State v. Baksi (Dec. 23, 1999), Trumbull App. No. 98-T-0123, unreported, at 19, 1999 WL 1299297.
On May 17, 1999, while his appeal was still pending, appellant filed a "Petition for Post-Conviction Relief or, in the Alternative, Motion for New Trial Based on Newly Discovered Evidence." Thereafter, on June 18, 1999, appellee, the state of Ohio, filed a "Motion to Dismiss or in the Alternative Motion for Summary Judgement." Subsequently, on December 30, 1999, the trial court issued a judgment entry which denied appellant's motion for a new trial without a hearing because appellant "failed to set forth [an] allegation sufficient to merit a hearing on his * * * motion for a new trial." In that judgment entry, the trial court also dismissed appellant's petition for postconviction relief without a hearing "for lack of timely filing." Therefore, the trial court granted appellee's motion to dismiss the postconviction petition and motion for new trial. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] [Appellant] was denied due process of law when he was not awarded either post- conviction relief or a new trial.
 "[2.] [Appellant] was denied due process of law when the court relied upon its own knowledge in resolving disputed issues of fact.
 "[3.] [Appellant] was denied due process of law when the court made a determination as to disputed factual issues without conducting an evidentiary hearing." Before we address appellant's assignments of error, we must determine whether appellant's petition was filed timely with the trial court. R.C. 2953.21(A)(2) states that "[a] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
In the present case, the trial transcript was filed with this court on August 18, 1998. Pursuant to R.C. 2953.21(A)(2), appellant had one hundred eighty days from August 18, 1998, to file his petition for postconviction relief. However, appellant filed his petition on May 17, 1999, which was well after the deadline for the filing of the petition. Accordingly, appellant did not timely file his petition for postconviction relief.
Since appellant's motion was untimely filed, we must conduct an analysis under R.C. 2953.23(A), which governs untimely and successive petitions for postconviction relief and states that:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 In the case sub judice, appellant has not met both of the criteria of R.C. 2953.23(A). Appellant did not allege in his petition or brief that he should be allowed to file the petition after the expiration of the statutory time limitation. Appellant claims that he was not provided a statement from a witness by the name of Kevin Roe ("Roe") until May 6, 1999, and, as a result, it was newly discovered evidence. However, as the trial court correctly pointed out, pursuant to R.C. 2953.23(A), appellant must prove that he was unavoidably prevented from discovering the facts upon which he relies, and he has failed to do so.
Here, appellant's attorney supplied Roe's name to the prosecutor on May 11, 1998, the first day of the trial. Even though appellant's attorney did not receive Roe's statement until May 6, 1999, appellant was not prevented from discovering new evidence since Roe was initially one of the defense witnesses. It was appellant who brought Roe's name to the prosecutor's attention. Therefore, we conclude that appellant was not unavoidably prevented from discovering Roe's statement.
Further, there does not appear to be any other reason in the record why appellant could not have brought his claim within the time period outlined in R.C. 2953.21(A)(2). Also, appellant did not demonstrate by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense for which he was convicted.
Since appellant has not satisfied the requirements of R.C. 2953.23(A)(1) and (2), the trial court was not permitted to consider his petition for postconviction relief. The trial court properly dismissed the matter. Based on the foregoing analysis, appellant's assignments of error need not be addressed. For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
 __________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
O'NEILL, P.J., NADER, J., concur.